IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIA B. PALACIOS,**
    **Plaintiff,**

vs.                                                                                                                Civ. No. 01-577 JP/WWD

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion") **[Doc. 9]**, filed December 17, 2001. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Social Security Disability benefits ("SSD") and Supplemental Security Income benefits ("SSI"). On July 15, 1997, Plaintiff applied for benefits, alleging a disability which commenced June 30, 1997 due to Post Traumatic Stress Disorder ("PTSD"), a sleep disorder and anxiety. Tr. at 89, 102. Plaintiff has a bachelor's degree in social sciences and has completed a post graduate program in paralegal studies. Tr. at 36. Plaintiff has worked in the past as a legal assistant, caregiver, sales associate/manager, teacher's aide and telemarketer. Tr. at 127.

    2. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

3. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ's findings with respect to Plaintiff's mental impairment are not supported by substantial evidence and are contrary to law, 2) the ALJ's credibility finding is not supported by substantial evidence and is contrary to law, and 3) the ALJ's failure to consider Plaintiff's receipt of general assistance benefits is contrary to law.

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show: (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

6. Here, the ALJ determined at step five that Plaintiff was not disabled because she is able to perform other work in the regional and national economy. Tr. at 17-18. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. Tr. at 7-8. Thus, the

2

Commissioner's decision became final.

7. Plaintiff, Maria B. Palacios, was born on May 13, 1958. Tr. at 89. Plaintiff testified that she stopped working following a fire in 1997. Tr. at 37. Plaintiff claims that she generally spends her days in bed because she is too depressed to want to do anything, explaining that she experiences panic attacks when she goes out. Tr. at 31. Plaintiff has received treatment in the form of mental health counseling and medications. Tr. at 44, 48, 49, 52, 115, 155. The ALJ found that Plaintiff has "a severe impairment or combination of impairments consisting of: [PTSD], dysthymia, and panic disorder." Tr. at 14.

### *The ALJ's Credibility Finding*

8. I address the ALJ's credibility determination first, because it influences the ALJ's assessment of impairment at other steps in the analysis. Plaintiff explained that she is limited in a number of ways. For example, Plaintiff testified that she generally spends her days in bed due to depression. Tr. at 31. Plaintiff further testified that she "wake[s] up with panic attacks" approximately three times a week and feels "groggy . . . [for] [a] couple of hours" in the morning until the Trazadone[1] wears off. Tr. at 49. Plaintiff explained that "anything" could cause her panic attacks, including lighting, noise and other people. Tr. at 50.

9. The ALJ found that Plaintiff's "testimony of subjective complaints and functional limitations was not entirely supported by the evidence as a whole," and concluded that Ms. Palacios "exaggerate[d] the degree of [her] limitation." Tr. at 16. Plaintiff contends that the ALJ's credibility finding is contrary to law because it is "a boilerplate paragraph that does not discuss the evidence upon [which] he relies." Pl.'s Mem. at 7.

---

[1] Plaintiff testified that she takes Trazadone to help her sleep. Tr. at 49.

10. "Credibility determinations are peculiarly the province of the finder of fact and [the Court] will not upset such determinations when supported by substantial evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (cited in McGoffin v. Barnhart, slip op. No. 01-5094 (10th Cir. May 3, 2002)). However, the ALJ's "decision must contain specific reasons for the finding on credibility [and must be] supported by the evidence in the case record." SSR-96-7p; Houston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings").

11. Here, the ALJ's credibility determination lacks a discussion of the specific evidence upon which he relies. For example, the ALJ did not explain what part of the Plaintiff's testimony he did not believe; nor did he point out relevant evidence to support his findings. The broad statement that Plaintiff's testimony is not supported by "the evidence as a whole" fails to sufficiently articulate the ALJ's reasoning for his determination of noncredibility. Although the ALJ hinted at some evidence which might support a finding of noncredibility[2], he failed to make specific findings as required. Thus, the ALJ's credibility finding is not supported by substantial evidence.

12. Consequently, this matter should be remanded for the ALJ to set out specific findings and reasons for accepting or rejecting the Plaintiff's testimony. The Court does not dictate any result upon remand, nor does it mean to imply that Plaintiff's testimony is necessarily credible. The Court requires only that the ALJ's findings be sufficiently specific and supported by

---

[2] The ALJ noted that although Plaintiff reported "no social or family problems" to a substance abuse counselor, she indicated on a daily activities questionnaire that she "stays away from people" due to panic attacks. Tr. at 15-16.

substantial evidence in the record. The ALJ shall proceed as necessary in light of any new findings with respect to Plaintiff's credibility.

### *Consideration of Plaintiff's General Assistance Benefits*

13. During the hearing, the ALJ inquired as to whether the Plaintiff received any "state or federal support." Tr. at 30. Plaintiff responded that she received funds from "general assistance and foodstamps." Id. On June 3, 1999, the Income Support Division ("ISD") notified Ms. Palacios that following a review of her "general assistance case, the Incapacity Review Unit ("IRU") in Santa Fe ha[d] reached a determination of permanent disability." Tr. at 357.[3] Thus, it appears from the evidence that Plaintiff may have been receiving general assistance benefits based on a determination of disability by another agency.

14. "A disability decision made by another governmental or nongovernmental agency is not determinative of disability and is therefore not binding on the [ALJ], but is, nonetheless, entitled some weight." Eason v. Chater, 951 F.Supp. 1556, 1563 (D.N.M.1996) (citing McCormick v. Shalala, 872 F.Supp. 392 (E.D.Mich.1994)). Moreover, an ALJ has a duty to develop an adequate record during a disability hearing. See Hawkins v. Chater, 113 F.3d 1162 (10th Cir. 1997). Thus, the ALJ should have explored the basis for Plaintiff's receipt of general assistance benefits. However, the transcript does not indicate that the ALJ inquired into this issue at the administrative hearing. Nor does the decision reflect whether the ALJ considered the basis for the Plaintiff's receipt of general assistance benefits.

---

[3] The notice from the ISD was not part of the evidence before the ALJ at the time of the administrative hearing. However, in determining whether substantial evidence supports the Commissioner's decision, the Court must examine the record as a whole, including the additional materials submitted to the Appeals Council. See O'Dell v. Shalala, 44 F.3d 855, 858, 859 (10th Cir.1994).

15. Consequently, on remand, the ALJ should review and consider the records of any disability determination made by the agency that provided general assistance benefits to Plaintiff. The ALJ shall then proceed accordingly in light of the weight that he assigns to that agency's determination.

### *The ALJ's Findings with Respect to Plaintiff's Mental Impairment*

16. It is unclear to what extent the ALJ's credibility determination factored into his findings with respect to Plaintiff's limitations. It is equally unclear how a consideration of another agency's disability determination may influence the ALJ's findings with respect to the Plaintiff's mental impairment. However, it is not the Court's role to "reweigh the evidence or try the issues de novo or substitute its judgment for that of the [ALJ]." Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992).

17. On remand, the ALJ should re-evaluate his determination of Plaintiff's limitations in light of any new findings that result from a reconsideration of Plaintiff's credibility and a review of another agency's disability determination. The Court need not address the ALJ's findings with respect to Plaintiff's mental impairment any further at this time.

### Recommended Disposition

I recommend that plaintiff's Motion to Reverse and Remand for a Rehearing[4] **[Doc. 9]** be granted, and that this matter be remanded for additional proceedings consistent with this opinion, to include:

(A)  the provision of specific findings and reasons for accepting or rejecting the

---

[4] The ALJ need not conduct a rehearing if he is able to obtain the necessary information and carry out any additional proceedings by other means.

Plaintiff's testimony;

(B) the consideration of any disability determination made by the agency that provided general assistance benefits to Plaintiff; and

(C) the re-evaluation of Plaintiff's limitations in light of any new findings resulting from the above proceedings.

Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE